*MAYOR ET AL vs. RIPLEY ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The act of 1825, declaring it not to be good cause of challenge to a juror that he was a member of the corporation that was a party in the cause, is not repealed by the provisions of the Code of Practice,

An act of the legislature, the execution of which is suspended by one of its clauses, or by a delay of its promulgation, may, in the meanwhile, be modified or repealed by a posterior act.

The defendants objected to the swearing of the jury, on the ground that they were inhabitants of the city of New-

Orleans, and members of the corporation.    The court *a quo*, sustained the objection, and the plaintiffs appealed.

*Moreau* and *De Armas*, for appellants.

*Hennen*, for appellees.

*Porter*, *J.*, delivered the opinion of the court,

The jurors called to try the case were challenged by the defendants, on the ground that they were members of the corporation.    The court sustained the objection; and the plaintiffs appealed.

The legislature had provided for the interest which persons, so circumstanced, might have in cases of this description.    By the act of January, 1825, it was declared not to be a good cause of challenge to a juror, that he was a member of the corporation that was a party in the cause.    The Code of Practice, however, contains a contrary provision by its 507th article.    The competent juror is he who has neither an interest, direct or indirect, in the cause.

The judge of the court of the first instance, was of opinion, that the provisions of the Code of Practice, repealed the act of 1825 ; and that opinion were doubtless correct, if the Code of Practice had been passed after the act alluded to.    But it escaped the judges attention, that the code received legislative sanction on the 12th April, 1824, nearly one year previous to the act of 1825.    It is true, the code was not promulgated until the autumn of 1825.    But there cannot be a doubt, as has already been decided by this court, "that an act of the legislature, the execution of which is suspended by one of its clauses, or by a delay of its promulgation, may, in the mean while, be modified or repealed by a posterior act.—7 *N. S.* 469.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that the case be remanded to the District Court, with direc-

The act of 1825 declaring it not to be good cause for challenge to a juror that he was a member of the corporation that was a party in the cause, is not repealed by the provisions of the Code of Practice.

An act of the legislature, the execution of which is suspended by one of its clauses, or by a delay of its promulgation, may in the meanwhile, be modified or repealed by a posterior act.

tions to the judge not to reject the jurors called to try the same, on the ground that they are inhabitants of New Orleans, paying taxes for their property therein. And it is further ordered, that the appellees pay the costs of this appeal.