<hr />

No. 5413.

LEONVILLE AUGUSTIN VS. MR. AND MRS. M. P. AVILA.

The moment a succession under administration is closed, the probate court ceases
    to have jurisdiction of any *ordinary* suit then pending before it, in which the
    succession is a defendant.
And any judgment afterward rendered in such suit by the probate court, is null
    and void.

APPEAL from the Second District Court, parish of Orleans.  *Duvig-
neaud, J.*

Paul E. Théard, for plaintiff and appellee.

Ed. J. Bermudez, for defendant.

The opinion of the court was delivered by

DEBLANC, J.    On the 5th of January, 1871, this, an ordinary suit on a
contract, was filed in the Fourth District Court of this city, for the re-
covery of $1476, alleged to be due by defendants to plaintiff.

Nearly one year after this suit was brought, Mr. Avila, one of the de-
fendants, departed this life, leaving a minor child.    His succession was
opened on the 17th of January, 1872.

The interest of said minor in whatever she inherited from her father,
was adjudicated to her mother and tutrix, for its appraised value, and,
on the 22d of March, 1872, the adjudicatee, Mrs. Avila, was put in posses-

Augustin vs. Mr. and Mrs. Avila.

sion of all that composed the succession of her deceased husband and the community which had existed between them.

. From that date, said succession was closed.

Avila died on the 2d of January, 1872. After his death, this case, by consent of parties, was transferred from the Fourth to the Second District. Court. It was filed in the last mentioned court on the 30th of January, 1873. There, on the 4th of May, 1874, more than two years after the succession had been closed, a judgment was rendered against said succession, not. only in favor of plaintiff, but also in favor of parties who had inter- vened in the original suit.

This case was, at its inception, and, at the death of Avila it did not cease to be an ordinary suit, one in which, for a moment only, a succes- sion was one of the defendants; but as at no time, that case either had or assumed a probate character, it could not have been legally trans- ferred, even by and with the parties' consent, to a court whose jurisdic- tion is exclusively probate.   C. P., 92; 25 A. 56, 220, 225; 28 A.

This suit still belongs to the jurisdiction from which it was transferred, and, with the incidental demands therein filed, must be returned to that jurisdiction.   22 A. 81.

It is therefore ordered that the judgment of the lower court be and it is reversed at appellee's costs, and that this case be re-transferred from and by the Second to the Fourth District Court of the city of New Or- leans, there to be proceeded with according to law.