## No. 10,885.

WIDOW CAIRE ET AL. VS. JUDGE OF TWENTY-THIRD DISTRICT COURT.

When the application for an injunction does not show a *prima facie* right to the same, a mandamus will not issue to compel a district judge to issue the writ.

As long as the judgment homologating the final account of an administrator exists of record and unrevoked, it operates as a closing of the succession, and is a bar to further mortuary proceedings, which can only be had after the setting aside the same.

When a succession has been settled and the administrator discharged, and property placed in possession of the widow and heirs, a creditor who appears subsequenty must pursue them each for his share.

A PPLICATION for Mandamus.

*Cross & Cross* for the Relator.

Respondent *in propria persona.*

The opinion of the court was delivered by

McENERY, J.   This is an application for a mandamus to compel the respondent judge to issue a writ of injunction, which he declined to do, on the face of the papers.

The only question presented in the application is, does the petition for the injunction disclose a *prima facie* right to the injunction; if so, the relator is entitled to the relief demanded.   Crescent City Live Stock Company vs. Larrieux, 30 An. 798; Beebe vs. Guinault, 29 An. 795.

The facts set forth in the petition are, that the Widow Caire administered, by proper appointment, the succession of her husband, that she filed her final account, "in good faith and under the advice of counsel, all parties believing that the interests of the heirs were fully protected.   But that said account was homologated without the heirs being parties, and the minor children were not represented, she never having qualified as tutrix to her minor children.   That she was absolutely solvent at the time; the account showed all the debts paid; and the property was, therefore, turned over to her as usufructuary, all of the same being community property."

The petition further shows that Antoine Caire was the holder of certain notes on which the deceased Jacques Caire, the late husband of Widow Caire, was the indorser.   These notes did not appear in the first account, as they were not due, and no opposition to the final account was made by the holder of the notes. Mrs. Caire went into commercial business, failed, went into insolvency, and Antoine Caire was recognized as a mortgage creditor of the community which existed between Mrs. Caire and her husband Jacques Caire. Judgment was rendered against her, and execution issued, seizing the community property which had been mortgaged to secure the debt.   We must presume that the judgment was rendered contradictorily with the widow and heirs, in the proceedings to enforce the mortgage, as the petition is silent on this point.

From these facts, the following reasons for the issuing of the injunction are urged:

1. That the judgment does not support a writ of *fi. fa.*, as it merely recognizes a mortgage on succession property.

2. That said Widow Caire surrendered her usufruct in said property, which has been sold, and the same is in possession of purchasers. That though relators believe said sale to be null and void, the description of the said property is so vague that bidders will have no notice of the special property offered for sale, and such indefinite description would be injurious to the heirs.

3. That said heirs have accepted the succession of their father Jacques Caire, under benefit of inventory, and that the liquidation of the debts can go on only by an administration of the property of the succession. That the judgment homologating the final account of the administratrix, and turning the property over to her as usufructuary, did not discharge her as administratrix until the debts of the succession were paid, and that the judgment of the honorable court, recognizing said mortgage, can only be executed under the probate jurisdiction.

The relators, in their petition for the injunction, refer to the judgment in the insolvent proceedings of Mrs. Caire, in which Antoine Caire intervened. The case was appealed to the Circuit Court of Appeals. The return of the respondent judge shows that the judgment rendered was under ordinary proceedings, by said Antoine Caire, against all parties in interest, each for his virile share. A *fi. fa.*, then, was the proper writ to issue under the judgment.

On the second cause alleged for the injunction it is unnecessary to comment, as the disposition of the usufruct by the widow can in no way influence the execution of the judgment, and the alleged wrongful description of the property can not be injurious to the heirs.

On the third point urged, the petition shows that the succession of Jacques Caire had been administered, the administratrix discharged, and the property was turned over to her as widow in community.

When the suit of Antoine Caire was instituted, there was no succession in existence. It had been settled and passed out of existence. The widow was in possession of the property for herself and minor heirs. As long as the judgment homologating the final account of an administratrix exists of record and unrevoked, it oper-

ates as a closing of the succession, and is a bar to further mortuary proceedings, which can only be had after the setting aside of the same. Beauregard, Curator, vs. Lampton, 33 An. 828; Succession of Thibodeaux, 38 An. 716; Augustine vs. Avilla, 29 An. 837.

After the widow and heirs had been placed in possession of the property, each became liable for his share, and the debts of the deceased Jacques Caire became the debts of the heirs. Succession of Danford and Remi, 25 An. 56.

The only remedy left to the creditor Antoine Caire was to sue the widow and heirs, as the succession had been closed and the property mortgaged to secure his debt was in their possession.

The petition for the injunction does not disclose a *prima facie* right to the same.

It is therefore ordered that the relief prayed for by relators be denied, and the rule granted herein be discharged at their costs.