Baron et al. vs. Administrator.

## No. 10,992.

### LOUIS BARON ET AL. VS. JACOB BAUM, ADMINISTRATOR.

Parties claiming to be the sole heirs of a deceased have no right to demand an account of the administration of the succession, although they attack a judgment homologating an account, where it appears that the party sued for the account has been discharged as administrator, and the order discharging him is not assailed, and the person to whom the residue of the estate was paid, and who had been recognized as the sole heir of the deceased, is not made a party defendant. Courts notice judicially want of proper parties.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner, J.*

*Cross & Cross* for Plaintiffs and Appellants:

The heir is seized of the property of his De Cujus immediately on the opening of the succession. 15 L. 527; 7 R. 183; 12 R. 258; 2 An. 339.

He is not affected by a final account unless he is cited. 11 R. 109; 16 An. 258. "It is useless to quote authorities on this point." Denham vs. Williams, 32 An. 972.

Natural children can not be put in possession without citation on the heir. R. C. C. 926.

*Ex parte* judgments may be collaterally questioned, when offered as the title in virtue of which property is claimed, and the rights of third persons sought to be disturbed. 10 R. 193; 2 An. 724; 15 An. 187; 25 An. 86; Dalton vs. Wickliffe, 35 An. 359.

Evidence in probate proceedings must be reduced to writing, and without it the judgment is null. 16 L. 197, 201; 17 L. 115; 3 An. 554; 4 An. 517.

The administrator is bound to the heirs and is not protected by payment to a person not authorized to receive. Verret vs. Aubert, 6 L. 354.

*Kernan & Laycock* for Defendant and Appellee:

1. A judgment homologating an administrator's final account and discharging him can not be attacked collaterally nor treated as an absolute nullity. Fowler vs. Succession of Gordon, 24 An. 270.

2. Even if such a judgment be not *res adjudicata* against one claiming as heir, it will nevertheless protect the administrator for a payment made in error. Baldwin vs. Carleton, 2 R. 56.

3. A legitimated natural child is a legal heir and not an irregular successor; and is therefore seized of the succession of the father at the moment of his death. R. C. C. 199, *et seq.*

4. A judgment determining personal status, though obtained *ex parte*, can not be collaterally attacked.

5. The administrator is bound to deliver the residuum of the succession to the heir recognized by the court.

The opinion of the court was delivered by

BERMUDEZ, C. J.   This suit has for its object the rendition of an account by the defendant, as administrator.

It is brought by the plaintiffs, who aver themselves to be the legitimate collateral heirs of *Pierre* Baron.

·They charge that the defendant has filed an account already, which has been homologated; but that the judgment approving it is a nullity, because *they* were not *cited*, as the law requires.

They contend that eventually they are entitled to recover from the defendant the amount of the inventory, $5457, should he fail to render a proper account to them.

They pray that he be cited, and that the judgment of homologation be annulled, and that he be ordered to account, and in default be held for the value of the property appraised in the inventory.

The defendant appeared, filing exception and an answer.

His main defences are : that the succession of Pierre Baron has been fully and finally administered upon by him; that its debts and liabilities have been satisfied, and that the residue has been paid over by him to Mrs. Gillingham, who had been previously recognized by judgment of the court as the *sole* heir of the deceased, and that he has been discharged from further responsibility as administrator, and his bond as such canceled.

It is to be noticed that this person, Mrs. Gillingham, was not made a party to this action.

After hearing, the lower court *rejected* the demand of plaintiffs, who pursue the present appeal.

The question presented is simply whether the plaintiffs can proceed solely against the defendant, and in the manner they have.

The controversy does not necessarily involve, at its present stage, the issue of heirship.

On the averment that they are the *only* heirs of the deceased, as his brother and sisters, the plaintiffs seek the nullity of a judgment homologating an account, for want of citation to them, and demand the rendition of another account from the defendant as administrator.

The defendant denies that he is amenable, and contends that he has been discharged, and that if plaintiffs have any rights to the succession of Pierre Baron, which he has fully administered, they should bring their action against Mrs. Gillingham, who had claimed to be a legitimated child, and who was recognized by a judgment of court

as the *sole* heir of the deceased in a proceeding in which Louis Baron, one of the plaintiffs, was a party and had raised the issue of heirship, and to whom he had turned over the residue of the succession.

The record in fact shows that an application for the administration was made by a person claiming to be the widow of Pierre Baron, and as such entitled to the tutorship of two minors born of them; that this demand was opposed by Mrs. Gillingham, who averred herself to be a *legitimated* child of the deceased, and by said Louis Baron, who averred himself to be the legitimate brother, and who denied that the applicant was the widow, and charged that Mrs. Gillingham was an *adulterous* bastard, who could not be and was *not* legitimated as claimed.

The case was heard and the court rendered judgment dismissing the petition of the alleged widow and the opposition of Louis Baron, on his own motion. It sustained the opposition of Mrs. Gillingham, appointing her administratrix, and recognizing her as the SOLE heir of Pierre Baron.

As she failed to qualify, Baum, the defendant, applied for the administration, and, after due publication, was appointed, taking the oath and furnishing the bond required by law.

He went on with the liquidation, sold the property and presented an account, distributing the funds among the creditors, which was homologated without notice to the plaintiffs, but with the declaration that the administrator shall pay over the balance to the *heirs* at law, without naming any one.

The record also shows that, upon production of the proper vouchers, one of which is a receipt of Mrs. Gillingham for the *balance*, the defendant was discharged and his bond canceled.

It may be, and it may not, that the plaintiffs are what they represent themselves, the brother and sisters of the deceased; that Mrs. Gillingham was an adulterous bastard, and not an heir; that the judgment of homologation attacked is a nullity; that another account ought to be rendered, the plaintiff cited; but, however this may be, it is clear that the plaintiffs can not be listened, *unless* they attack the judgment recognizing Mrs. Gillingham as *sole* heir, making her, or her representatives, party defendant, and also assail the order discharging the defendant, Baum, as administrator of the succession; neither of which the plaintiffs have done.

The court can not recognize the plaintiffs as sole heirs without an-

nulling the judgment in favor of Mrs. Gillingham, and it can not do so unless she is called in to defend it.    Neither can it annul the judgment of homologation, and order another account without declaring that the defendant is *still* the administrator, and it can not do so unless the order discharging him is rescinded.    Both stand until avoided and set aside.

Mrs. Gillingham, or her representative, is an essential party, having an interest in maintaining a judgment recognizing a *status*, and under which property has passed to her.

Courts must judicially notice want of necessary parties.

The judgment appealed from appears to have been rendered on the *merits* of the controversy.    It does not refer to the exceptions, and merely states that " the law and the evidence being in favor of the defendant and against the plaintiffs the demand is *rejected* with costs."

If it were to remain as it reads, it might constitute *res judicata*, but it is not just that it should be considered as presently settling *all* the differences between the parties, as the plaintiffs, under its terms, might be said to have been decreed, under the issues, *not* to be the heirs of the deceased, when, in reality, they may be such, and in that capacity entitled to the residue of his estate, whatever it may be. A door should be left open to them for the revendication of their rights, if any, after proper averments and the making of a necessary and indispensable party.

It is therefore ordered and decreed that the judgment appealed from be amended, so as to read as a mere judgment of *dismissal*, as in case of *non–suit*, reserving to plaintiffs the right to renew the action on proper averments, and against the proper parties, and that thus amended, said judgment be affirmed, the costs of appeal to be paid by the appellee, and those of the lower court by the plaintiffs.