(36 South. 311.)

No. 14,935.

LYLES et al. v. KNOLL.*

(Feb. 29, 1904.)

DESCENT AND DISTRIBUTION—SALE OF INTER-
EST—RIGHTS OF HEIRS—RESCISSION.

1. Heirs who seek to recover back their right
as heirs sold by them at private sale, because
of asserted irregularity in the sale, should not
seek to avoid the sale and sue without reference
to the sale, nor should they seek to profit by
the irregularity by withholding the price.

Although it has been decided that the price
may be held compensated by the fruits, it has
never been decided in an action of asserted null-
ity of judicial proceedings that those who own-
ed the right disposed of by them can have their
own sale set aside without offering to return the
amount they received.

2. If the heirs were in error about the insol-
vency of the succession, and sold the right in er-
ror, there should be an action brought averring
error or fraud, if there was either.

3. The succession owed debts. In order to set-
tle them, it was deemed proper by the purchaser
from the heirs to sell the property at private
sale.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District
Court, Parish of Avoyelles; Gregory Horatio
Couvillon, Judge.

Action by Charner W. Lyles and others
against Chester F. Knoll. Judgment for de-
fendant, and plaintiffs appeal. Reversed.

Adolph Valery Coco and Clifton Ashton
Smith, for appellants. Joseph Clifton Cap-
pel, for appellee.

BREAUX, J. Plaintiffs seek, in their ca-
pacity of heirs of the late John M. Lyles, to
have decreed null the sale of the property of
his succession.

The grounds urged for nullity are that the
property was lumped together and sold, and
thereby bidders could not bid thereon, and in
consequence defendant, by whom the prop-
erty was bought, acquired it at a very low
figure.

Plaintiffs charge that defendant was the

*Rehearing denied April 11, 1904.

administrator of the succession of Chester F.
Knoll, and in consequence violated a pro-
hibitory law in becoming the adjudicatee of
it at the sale, which prohibits an adminis-
trator to buy property of the succession he
administers.

They claim an accounting of defendant,
and ask to be placed in possession of the
property.

Defendant says in answer that he has filed
a final account of his administration, and
that it has been approved by a judgment, and
avers that he no longer can be sued as an
administrator.

He sets up further that the property of
the succession was partnership property
which he held in indivision with the late
Chester F. Lyles, and that it was adjudi-
cated to him as a partner. He pleads the
prescription of five years.

He further in his defense avers that the
succession was insolvent; that he paid the
debts, as he desired to protect the memory of
his deceased partner and friend, and fur-
thermore paid in cash the sum of $2,000 to
the heirs, and in consideration of this amount
the heirs sold and transferred to him, by no-
tarial act of sale, all their rights in and to
the succession.

At the threshold of the discussion, it sug-
gests itself that heirs cannot treat as an ab-
solute nullity a notarial act to which they
were parties, and which on its face shows
that they received an amount in considera-
tion of the sale of their interest in a succes-
sion to a person named in the deed as the
purchaser.

Nor can they ignore the fact that they re-
ceived an amount which it is incumbent upon
them to return before seeking to obtain pos-
session of the property which this title con-
veyed.

There is another well-known rule in mat-
ters of succession which stands in the way
of plaintiffs recovering judgment in this suit,
and that is that an heir must bring a direct

action to set aside the proceedings after the final account, and after a judgment has been rendered homologating an administrator's account and discharging him from his trust as administrator.

With reference to the sale by plaintiffs to defendant to which we have adverted above, a number of the heirs have signed, others gave procurations more or less in form to sign for them, and one branch of these heirs were minors, and their tutor received the portion of the price to which they were entitled under the sale. None of these heirs denies having received the amount due him. They are silent upon the subject, and, so far as the record discloses, they show every disposition to sue and recover the property without offering to return the amount received. This cannot be done. In order to rescind an act to which he was a party, plaintiff should place those with whom he contracted in the position he (the vendee) was prior to the contract.

Plaintiffs are without right to hold out to the defendant that they will recover enough of the property in the suit to enable him to recoup the price he has paid, and that they will recover something over and above this amount for themselves.

They must begin by tendering to defendant the amount he had paid as the price.

Even minors must make restitution to the extent that they have been benefited. Heirs of Gormley v. Palmes, 13 La. Ann. 213.

A plaintiff must return the amount which inured to his benefit. Elliott v. Labarre, 2 La. 344.

As to an onerous donation, it has been held that the donor seeking to set it aside should make restitution. Jouet v. Mortimer, 29 La. Ann. 206.

Moreover, the burden of pleading is with plaintiff.

The purpose of plaintiff is to set aside the act for some irregularity or asserted illegality. It is not so null on its face as to be considered a nullity. The remedy in a case of that character is by a direct action, and not by replication. The following was decided in Baron v. Baum, Adm'r, 44 La. Ann. 295, 10 South. 766, as indicated by the extract from the following syllabus:

"Parties claiming to be sole heirs of a deceased have no right to demand an account of the administrator of the succession, although they attack a judgment homologating an account, where it appears that the party sued for the account has been discharged as administrator, and the order discharging him is not assailed."

The same rule is, in substance, laid down in other decisions. Duson v. Dupré et al., 33 La. Ann. 1134; Succession of Thibodeaux, 38 La. Ann. 716; Augustin v. Avila, 29 La. Ann. 837.

For reasons assigned, the judgment appealed from is avoided, annulled, and reversed, and plaintiffs' action is dismissed as in case of nonsuit. Costs to be paid by plaintiffs in the district court, and by defendant and appellee on appeal.