PONDER, Justice.
 

 The plaintiffs have appealed from a judgment sustaining an exception of no cause of action and dismissing their suit.
 

 It appears from the petition that Mrs. Ellen McGeary, widow of Charles Byrne, died intestate on June 25, 1924, leaving as her only heirs her children, James T., Charles A. and Mary Byrne. Her succession was opened and an inventory was taken and homologated on the petition of 'Mary Byrne. Shortly thereafter, the heirs were sent into possession of the property inventoried in the succession upon their joint petition and the debts of the succession were paid by them in equal proportions. James T. Byrne purchased the in
 
 *1053
 
 terest of his co-heirs in the real estate inventoried in the succession. Charles A. Byrne died in 1925 leaving two children, Mary Enid and Charles Bray Byrne. Charles Bray Byrne died in 1937 leaving a daughter, Mrs. Betty Byrne Drury. Mary Byrne died on November 6, 1947. The petitioners allege that after her death they discovered that prior to and at the time of the death of Mrs. Ellen McGeary Byrne that Mary Byrne had of record in her own ríame real property on Dante Street in New Orleans which she had purchased on August 28, 1923 from the Mutual Building & Homestead Association by notarial act and registered in the Conveyance and Mortgage Records of Orleans Parish. Mary Byrne sold this property on July 1, 1926. It is alleged that the purchase price was paid by Mrs. Ellen McGeary Byrne and that the money, the purchase price and the rents derived from the property, was a donation inter vivos to Mary Byrne. Tt is also alleged that Mary Byrne and her mother concealed the donation and that after her mother’s death Mary Byrne appropriate and embezzled the money, received for rent and the purchase price of the property, thereby forfeiting her interest in the property. The plaintiffs, James T. Byrne and Mary Enid Byrne, are seeking to recover a money judgment against the succession of Mary Byrne, now deceased, for the amount of the purchase price and rentals derived from the property.
 

 Counsel for the plaintiffs concedes that the plaintiffs are not attacking the donation as such or contending that it was fraudulent, tie states that the plaintiffs’ demands are based on two grounds: first, that the plaintiffs are demanding in their own right as heirs their legitime of one-third and one-sixth, respectively, of the property of the succession of Mrs. Ellen McGeary Byrne under the provisions of Articles 940, 941 and 942, Revised Civil Code and the judgment sending the heirs in possession of that succession; second, that they are entitled as heirs to one-half and one-fourth, respectively, of the one-third interest in the property which Mary Byrne would have been entitled to had she not forfeited it by concealing and embezzling the whole under the provisions of Article 1029, Revised Civil Code.
 

 It appears, from a reading of the petition, that the plaintiffs are attempting, indirectly, to obtain a collation of money alleged to have been advanced by Mrs. Byrne to her daughter during her lifetime. The succession of Mrs. Byrne was closed more than twenty years ago.
 

 Collation is the supposed or real return to the mass of a succession money or property that an heir has received in advance of his share or otherwise in order that such may be divided with other effects of the succession. Article 1227, Revised Civil Code. Collation can be made only to the
 
 *1055
 
 succession of the donor. Article 1242, Revised Civil Code. The rules governing the partition of property belonging to a succession are applicable to a partition between co-proprietors of property not belonging to a succession except that which relates to collation. Article 1290, Revised Civil Code; Doll v. Doll, 206 La. 550, 19 So.2d 249.
 

 Articles 940, 941 and 942, Revised Civil Code, are found in the section of the Code dealing with the opening of successions. The alleged donation in dispute was the property of Mary Byrne and not the property of the succession because it had not been brought back into the mass of the succession by collation or otherwise. The judgment placing the heirs in possession of the property did not place the heirs in possession of the property belonging to Mary Byrne.
 

 Article 1029, Revised Civil Code, could not govern under the facts in this case. This article of the Code is to the effect that heirs who have embezzled or concealed effects belonging to a succession lose their share in the embezzled or concealed property. The property donated to Mary Byrne by her mother during her lifetime was not the property of the succession of her mother and could only have been so had it been returned to the mass of the succession by collation or otherwise.
 

 For the reasons assigned, the judgment is affirmed at appellants’ cost.