56 So.2d 727

**Succession of McGEARY.**

No. 40143.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

Thomas E. Furlow, New Orleans, for plaintiffs-appellants.

Tortomasi & Sarpy and Bernard J. Tortomasi, Trial Attorney, all of New Orleans, for defendants-appellees.

McCALEB, Justice.

This suit is a continuation of the unsuccessful litigation begun in Byrne v. Succes-

sion of Byrne, 215 La. 1050, 42 So.2d 699, in which plaintiffs sought to recover from the Succession of Miss Mary Byrne their alleged heritable proportions (½ and ¼ respectively) of the sum of $4602.33, which they assert was advanced during the lifetime of Mrs. Ellen McGeary Byrne to her daughter, Miss Mary Byrne. The case, as stated by the petitions presented in this and the previous suit, reveals the following well-pleaded facts.

Mrs. Ellen McGeary Byrne died intestate on June 25th 1924. Her succession was opened in the Civil District Court for the Parish of Orleans where her three children, Charles A. Byrne, James T. Byrne and Mary Byrne, were recognized as her sole heirs at law and, as such, sent into possession of her estate by judgment rendered and signed on August 29th 1924. Charles A. Byrne died in 1925, leaving two children, Mary Enid and Charles Bray Byrne, who died in 1937, leaving a daughter, Mrs. Betty Byrne Drury. Mary Byrne died on November 6th 1947 at her domicile in Rapides Parish. Her succession was opened in the Ninth Judicial District Court and Mrs. Hazel T. Byrne qualified as testamentary executrix. Thereafter plaintiffs, James T. Byrne and Mary Enid Byrne, daughter of Charles A. Byrne, filed suit against the Succession of Miss Mary Byrne, claiming that the decedent became indebted to them for one-half and one-fourth respectively of $4602.33, representing the price paid by Miss Mary Byrne for certain property in New Orleans purchased by her on August 28th 1923, because (allegedly) Mrs. Ellen McGeary Byrne furnished the funds with which the purchase was made. They further asserted that they were without prior notice of the donation; that Mary Byrne and Mrs. Ellen McGeary Byrne concealed information regarding it; that Mary Byrne sold the property following the death of her mother and appropriated and embezzled the proceeds of the sale and that, by so doing, she forfeited her heritable interest therein under Article 1029 of the Civil Code.

The testamentary executrix of the Succession of Mary Byrne opposed plaintiffs' petition by way of exception of no right or cause of action. This exception was sustained by the district court and the judgment was affirmed on appeal. In upholding the trial court, we concluded that it was patent, from a reading of the petition, that plaintiffs were indirectly attempting to obtain collation of money allegedly advanced by Mrs. Ellen McGeary Byrne during her lifetime to her daughter; that collation, under Article 1242 of the Civil Code, could be made only to the succession of the donor and that Article 1029 of the Civil Code, relied on by plaintiffs, was irrelevant inasmuch as that Article was effective only against heirs embezzling and concealing property belonging to the succession whereas, here, the property allegedly donated to Miss Mary Byrne was her own and could only be made the property of the succession if it were returned to the mass by colla-

tion or otherwise. See 215 La. 1055, 42 So. 2d 699.

Soon after our decree became final, counsel for plaintiffs, pursuing new tactics, filed a petition on their behalf in the succession proceedings of Mrs. Ellen McGeary Byrne in the Civil District Court for the Parish of Orleans, alleging that there was substantial property belonging to the succession which had not been inventoried and prayed for an order reopening the estate for the purpose of taking a supplemental inventory and for such other proceedings as might be deemed appropriate. Conformable with plaintiffs' prayer, an ex parte order issued and a supplementary inventory was taken which listed as the newly discovered succession asset the claim for collation against the succession of Miss Mary Byrne for the alleged $4602.33 gift from her mother.

Thereafter, plaintiffs filed the petition under review in the succession proceedings. The charges contained in this petition are, in reality, a replica of those made by plaintiffs in their former suit, the only difference being that, here, they are praying for a judgment ordering collation by the Succession of Miss Mary Byrne to the succession of her mother and a partition of the funds ($4602.33) sought to be returned, in the proportions originally claimed.

In due course, the demand was opposed by the testamentary executrix of the Suc-cession of Miss Mary Byrne and Mrs. Betty Byrne Drury (the defendants) on the grounds that the petition disclosed no cause of action; that the matters and things claimed were res adjudicata and, furthermore, that plaintiffs were estopped, by the judgment placing them in possession of the estate unconditionally, from demanding collation. After a hearing, the judge sustained the exception of no cause of action and dismissed the petition. Hence the appeal.

■ The ruling of the trial judge is based on the premise that collation can be made only to the succession of the donor and that, when, as in this case, the succession of the donor has passed out of existence by virtue of a judgment putting the heirs unconditionally in possession of all of the property of the decedent, collation is impossible as it cannot be required of co-proprietors.

That this ruling is fully supported by the applicable Articles of our Civil Code and the unanimous authorities of this Court[1] is not open to question. Indeed, it would ordinarily suffice to say that the opinion in Doll v. Doll, 206 La. 550, 19 So.2d 249, affords a complete answer to all of plaintiffs' claims as, there, will be found a detailed discussion and analysis of the pertinent codal articles and prior adjudications which make it inappropriate to permit collation

---

1. Duffoure v. Duffoure, 154 La. 174, 97 So. 391; Prichard v McCranie, 160 La. 605, 107 So. 461; Mitcham v. Mitcham, 186 La. 641, 173 So. 132; Doll v. Doll, 206 La. 550, 19 So.2d 249 and see also Successions of Scardino, 215 La. 472, 40 So.2d 923.

after the donor's succession has been closed by judgment placing the heirs in possession, thus changing their status from co-heirs to co-owners. However, forasmuch as counsel for plaintiffs is earnestly contending that this case presents exceptional features not contrary to the well-settled jurisprudence, we feel that a brief discussion is in order.

Counsel is under the impression that collation was demandable in the Succession of Mrs. Ellen McGeary Byrne, as that succession was reopened by the obtaining of an order for a supplemental inventory on the allegation that there were certain effects belonging to the estate which had not been recovered due to the concealment by Miss Mary Byrne.

 We think that counsel is mistaken as to the legal consequence of the action taken by plaintiffs in the succession proceedings. The judgment placing the heirs in possession of the property of the decedent closed the succession and settled the estate. Woolfolk v. Woolfolk, 30 La.Ann. 139; Freret v. Heirs of Freret, 31 La.Ann. 506; Gillespie v. Twitchell, 34 La.Ann. 288 and Doll v. Doll, supra. Therefore, the only way the succession could be reopened for purposes of collation was by an annulment of the judgment.[2]

2. Plaintiffs, in Doll v. Doll, supra, sought, by alternative pleadings, an annulment of the judgment which had placed the heirs in possession. However, the court de-

In this case, there is no plea for the annulment of the judgment. Plaintiffs merely erroneously assume that they have discovered an additional asset of the succession; they ignore the binding effect of the judgment and take it for granted that the succession, which has passed out of existence, may be reopened by ex parte proceedings.

The judgment is affirmed.

MOISE, J., takes no part.

nied this relief, holding that the basis for the annulment was not well founded in law.