PONDER, Justice.
This suit was instituted by Page Mason Himel against Mrs. Clara Himel Connely for one-third of $8,000 on a written instrument dated June 11, 1918 signed by Mrs. Connely and declaring that she received on that day from her mother, Mrs. Lavinia Barton Himel, the sum of $8,000 as an advance on her portion as an heir, subject to collation.
*1076 The plaintiff is a grandson an.d is one of three forced heirs of Mrs. Himel. Pleas of res judicata and prescription of five years were interposed by the defendant. The lower court maintained the pleas and dismissed plaintiff’s suit. Plaintiff appealed and this court reversed the judgment of the lower court and overruled the pleas of res judicata and prescription and remanded the case to be proceeded with consistent with the views therein expressed. See Himel v. Connely, 195 La. 769, 197 So. 424.
After the case was remanded to the lower court, the defendant filed an answer and an exception of no cause or right of action. The exception was referred to the merits and, after hearing the merits, the lower court gave judgment rejecting plaintiff’s demands.
The lower court did not specifically pass upon the exception of no cause or right of action but based it’s judgment on the ground that the plaintiff had already received more of the assets of the succession than he was entitled to.
It was suggested in our former opinion, 195 La. 769, 197 So. 424 that the defendant had not at that time contended that the plaintiff had no right of action because collation is made only to the succession of one who advanced the money. It was also suggested that it was- not contended that the plaintiff lost his right to demand collation by consenting to the discharge of the executor and the closing of the succession.
The defendant strenuously urged the exception of no cause or right of action and, as a matter of precaution, she has filed in this court, through her attorney, an answer to the appeal re-urging this exception and has also urged that the succession has long since been closed and that therefore collation is now impossible.
Article 1242 of the LSA-Civil Code provides that collation can be made only to the succession of the donor.
Collation can be made only to the succession of the donor, and when, as in this case, the succession has passed out of existence by virtue of a judgment, collation is impossible as it cannot be required of co-proprietors. Doll v. Doll, 206 La. 550, 19 So.2d 249; Byrne Succession of Byrne, 215 La. 1050, 42 So.2d 699; Succession of McGeary, 220 La. 391, 56 So.2d 727.
We are not unmindful of Article 1194, LSA-C.C. and Article 1003 of the Code of Practice and the cases decided thereunder to the effect that it is the administrator’s duty to file his final account, which he may require to be homologated, in order for the succession to be closed. But the heirs in the present case have dispensed with this, as is shown by their petition dated October 27, 1932.
In that petition, Sigur Martin, executor, Mrs. Margaret Bowdoin, Page Mason Himel and Mrs. Clara Himel Connely, the sole descendants and heirs of Mrs. Lavinia Barton Himel, asked the court to terminate *1078 the administration alleging that further administration of this estate by the dative testamentary executor would be useless and productive of no results; that the only assets of this estate are three (3) mortgage notes for the • sum of $5,208.33, j/3 each, the ownership of which notes has been in litigation between the executor and one of the heirs since the appointment of the dative testamentary executor; that a compromise has been effected among the heirs whereby an end has been put to the litigation to the complete satisfaction of all heirs; and that the executor, having had no assets to administer upon and having had no funds in his hands, has no accounting to make. Petitioners prayed that the executor be discharged and his bond cancelled.
In the judgment discharging the executor and cancelling his bond, the district judge points out that the executor has been joined by all of the heirs of the estate and has ordered the administration closed and the executor discharged, “it having been shown to the Court that the executor has never had possession of any funds or property belonging to the estate, and that all of the heirs are satisfied that the executor be discharged and his bond cancelled.” Under the circumstances, the succession was closed because all of the affairs were finished.
Furthermore, it cannot be said that the succession was not closed because of the solemn declaration of the heirs that the executor had no funds in his hands nor property belonging to the estate and that he had no accounting to make. The law holds parties to their allegations of record, and does not permit them to contradict what they have solemnly declared to be the fact. Gaudet v. Gauthreaux, 40 La.Ann. 186, 187, 3 So. 645; Maguire v. Maguire, 40 La.Ann. 579, 4 So. 492; Johnson v. Marx Levy & Bro., 109 La. 1036, 34 So. 68; Gilmore v. Schenck, 115 La. 386, 39 So. 40.
This suit is an attempt on the part of an heir to enforce collation from his co-heir after the succession had been closed.
In view of the fact that collation can be made only to the succession of the donor, the exception of no cause or right of action must be sustained and the plaintiff’s demands rejected.
For the reasons assigned, the judgment appealed from is affirmed and plaintiff’s suit is dismissed at his cost.