65 So.2d 127

Succession of QUAGLINO.

No. 40635.

April 27, 1953.

George Piazza and Lewis R. Graham, New Orleans, for plaintiffs-appellants.

Hammett & Bertel, New Orleans, for defendants-appellees.

HAMITER, Justice.

Under attack herein are certain transfers of real estate and stock made by Philip Quaglino, Sr., prior to his death, to his sons, Philip Quaglino, Jr., and Joseph A. Quaglino.

Philip Quaglino, Sr. died testate on February 23, 1942, survived by his widow in community, six daughters, and the mentioned two sons. His nuncupative will by public act, dated April 20, 1936, contained provisions (among others) reading as follows:

"I bequeath the usufruct of my entire estate to my wife, Mrs. Josephine Quaglino, for the remainder of her life.

"I bequeath the disposable portion of my estate to Philip Quaglino, Jr., and Joseph A. Quaglino, my sons, share and share alike, as extra portions, in addition to their legitimate portion, subject, however, to the usufruct in favor of my wife, mentioned hereinabove.

"I bequeath the remainder of my estate to all of my children, including Philip Quaglino, Jr. and Joseph Quaglino, share and share alike, subject however, to the usufruct in favor of my wife, mentioned hereinabove.

"I acknowledge that the community of acquets and gains between my wife and myself is indebted to our sons, Philip, Jr. and Joseph, in the sum of two thousand ($2,000.00) dollars each, for money lent to me over a period of the last three years. I desire that this just debt be paid.

"I appoint my wife as testamentary executrix of my will with full seizen and without bond. `* * *`"

In the succession proceedings commenced by the widow on April 16, 1942 the will was ordered filed, registered and executed, and she was confirmed as testamentary executrix. Then followed the taking of an inventory and an administration of the estate.

In due course the executrix presented a final account and tableau of distribution in which she proposed to pay ordinary creditors, because of the insolvency of the estate, on the basis of approximately 25%

of the amounts of their respective claims. Included on the list of ordinary creditors were the two sons for $2000 each (as recited in the will). After advertisement and legal delays, and there having been no opposition, the court ordered the account approved and homologated and the funds distributed accordingly.

Later, the executrix filed a petition alleging payment of the debts in accordance with the final account, the insolvency of the estate, and that further administration was unnecessary. On this showing, and pursuant to the recommendation of an expert appointed to examine the final account and vouchers, the court, on December 22, 1942, ordered that decedent's widow (as she had prayed) "be and she is hereby fully and finally discharged and relieved from her trust and responsibility as testamentary executrix of said estate."

Some seven years later (specifically on March 14, 1950), the mentioned widow, allegedly appearing individually and as executrix of the Succession of Philip Quaglino, Sr., and Mrs. Mary Quaglino Pizzo, a daughter of decedent, filed the instant suit in the original succession proceedings, naming and citing as defendants only the sons, Philip Quaglino, Jr., and Joseph A. Quaglino. In their petition plaintiffs alleged that the inventory of the estate of decedent failed to disclose that he, at the time of his death, was the owner of property described as 5009–5011 Camp Street and 5015 Camp Street (both parcels

of real estate located in New Orleans) and 46 shares of the capital stock of Philip Quaglino Tobacco Company, Inc.; that decedent had purportedly transferred such property to the sons prior to his death, the real estate on November 13, 1939 by a deed reciting the transferees' assumption of a $7197 mortgage granted by him, and the stock on or about November 19, 1941; and that the attempted conveyances were null and void as being (1) mere simulations or (2) donations omnium bonorum, or (3) donations impinging on the legitime of the forced heirs. Plaintiffs prayed that the transfers be annulled and set aside, that the Succession of Philip Quaglino, Sr. be decreed to be the true owner of the described property, and that defendants be ordered to return such effects to the mass of decedent's estate for distribution among the widow and surviving children or for collation.

Defendants, before answering, tendered exceptions of no right and no cause of action and pleas of prescription of three, five and ten years, all of which were referred to the merits. In the answer they denied plaintiffs' charges of nullity, and they affirmatively averred that the transfers were made for good, valid and sufficient considerations.

After a trial of the merits the district court rendered a judgment in favor of defendants dismissing the suit. Plaintiffs are appealing.

Because of the insufficiency of their pleadings, if for no other reason, plaintiffs cannot presently obtain the relief which they seek. In the first place, it appears, the real estate known as 5009-11 Camp Street has been sold by defendants to a third person, the title of whom is involved in this attack, and such purchaser is a necessary party to the litigation and must be cited. Secondly, it is to be noted that plaintiffs did not bring this suit as co-owners, under allegations of having accepted the assets and obligations of decedent's estate, and they are not asking for any judgment in their favor. Rather, they purportedly sue in the capacities of testamentary executrix and heir, praying only that the real estate and stock be returned to the mass of decedent's succession for distribution among the widow and heirs or for collation (no mention is made of unpaid creditors, including the defendants who hold claims that are recognized in decedent's will). And the fact is, as above shown, that heretofore an administration of the succession was conducted, the final account of the executrix was approved and homologated, and she was discharged of her trust and responsibility. As a consequence decedent's succession has been opened and closed; and unless and until it be reopened the relief demanded by these plaintiffs cannot be granted. A judgment homologating a final account and discharging the administrator operates as a closing of the succession. State ex rel. Caire v. Judge of Twenty-Third District Court, 43 La.Ann. 1133, 10 So. 178; Baron v. Baum, 44 La.Ann. 295, 10 So. 766; Himel v. Connely, 221 La. 1073, 61 So.2d 876. And that judgment is a bar to further mortuary proceedings until avoided and set aside. Caire and Baron cases, supra. Compare Doll v. Doll, 206 La. 550, 19 So.2d 249, Successions of Scardino, 215 La. 472, 40 So.2d 923, Byrne v. Succession of Byrne, 215 La. 1050, 42 So.2d 699, and Succession of McGeary, 220 La. 391, 56 So.2d 727. Plaintiffs herein have not alleged facts from which it may be concluded, nor do we otherwise find from the record, that there has been a reopening of the succession of Philip Quaglino, Sr.

In view of our announced conclusions on the pleadings alone the judgment of dismissal appealed from, apparently rendered on the merits of the case, should be amended so as to reserve to plaintiffs all of their rights, if any, under proper averments and after the making of necessary parties.

Accordingly, and for the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to read as a judgment of dismissal as in case of non-suit, thereby reserving to plaintiffs the right to renew the action on proper averments and against the necessary parties; and that, as amended, said judgment be affirmed at plaintiffs' costs.