HERGET, Judge.
On the petition of Eunice Smith, wife of Percy Burrell, (alleging herself to be a resident of the County of Los Angeles, State of California) in Probate Number 3592 the Succession of Noah Smith was opened in the Parish of Terrebonne of the Seventeenth Judicial District Court upon the allegation that Noah Smith, her father, died in June of 1947 leaving certain immovable property in the Parish of Terrebonne; that her father was married twice, first to Annie Hall of which marriage petitioner, the only child, was born, and second to Nellie Aldrich who survived him; a notary was appointed to inventory and make ap-praisement of all the property of which Noah Smith died possessed; the inventory and appraisement was made and included therein was immovable property in Terre-bonne Parish, Louisiana. Judgment was rendered approving and homologating the inventory, recognizing Eunice Smith Bur-rell to be the sole forced heir of her deceased father, Noah Smith, and placing her in possession of all the property left by him at his death, particularly an undivided one-half interest in and to the immovable property; this judgment being read, rendered and signed on the 29 day of October, 1957, the petition having been filed on the 21 of October, 1957.
On June 12, 1958 Nellie Aldrich filed a pleading, labeled “Petition of Intervention — To Vacate and Set Aside Judgment” in which the intervenor attacked the judg'ment above referred to, maintaining that the property inventoried in said succession did not belong to the community of acquets and gains existing between her and Noah Smith but that same constituted her separate and paraphernal property; asserting further that the said intervenor and Noah Smith were never legally married inasmuch as Noah Smith never legally divorced Annie Plall and consequently no community existed between Nellie Aldrich and Noah Smith. She further alleged that a portion of the real estate which Eunice Smith Bur-rell had been placed in possession of had previously been sold by her to Robert L. Picou.
An exception of non joinder was filed to this pleading by Eunice Smith Burrell predicated on the ground that Robert L. Picou was a necessary party to the suit, a portion of the controversial immovable property having been transferred to him by Nellie Aldrich.
On October 24, 1958 a supplemental and amended petition was filed by Nellie Aid-rich alleging the transfer by her to Robert L. Picou of a portion of .the immovable property and Robert L. Picou was made a party to the proceeding.
On December 15, 1958 Robert L. Picou, alleging he had been interpleaded in this matter, filed his answer thereto in which, among other allegations, he averred in paragraph 4:
“That the succession of the same Noah Smith has already been opened, an administration had and a final decree rendered in the matter entitled ‘Succession of Noah Smith’ Probate No. 2865, 17th Judicial District Court of the State of Louisiana for Terre-bonne Parish, wherein, among other matters, the petition of said Nellie Ald-ridge filed November 26, 1949 stated that the decedent owned no immovable property, Eunice Smith was duly represented as an absentee through an attorney ad hoc, and notices of application for letters of administration and final accounting were duly published, and finally judgment rendered February 16, 1950, recognizing said Eunice Smith as entitled to a one-half interest in decedent’s only estate, certain funds, all as may be seen by reference to said succession records, and which judgment has become final and res judicata of the succession of said Noah Smith.”
On January 9, 1959 counsel for Eunice Smith Burrell filed a pleading styled: “An *523 swer of Eunice Smith Burrell to Petition in Intervention of Robert L. Picou” and in response to paragraph 4 of Picou’s petition made this allegation:
“Defendant denies the allegations of article 4 of the petition in intervention, and shows that no judgment was entered in Probate No. 2865 declaring that Noah Smith left no immovable property; that the fraudulent statement of Nellie Aldridge, wife of Noah Smith, in her petition that Noah Smith left no community property, without proof being adduced before the Court and without said matter being contradictorily tried before this Court and no judgment rendered thereon, cannot form the basis of a plea of res adjudi-cata; that defendant was not informed of said proceedings and Nellie Aldrich Smith fraudulently proceeded in said matter, knowing that the public records showed that Noah Smith had died seized of immovable property which formed part of the community estate.”
On January 4, 1960 counsel for Eunice Smith Burrell filed a Plea of Estoppel in which it is alleged:
“That Nellie Aldridge Smith by judicially admitting in the proceedings entitled ‘Succession of Noah Smith’ Probate No. 2865 of the docket of this Court, that the community of acquets and gains existed between herself and her deceased husband, Noah Smith, and that Eunice Smith was his daughter and entitled to one-half of the community property, and having this Court so recognize by judgment the existence of said community, is now estopped from attacking the existence of said community between herself and her deceased husband, Noah Smith.” (Emphasis ours.)
The only portion of the record in the Succession of Noah Smith, Probate Number 2865 which was filed in evidence and therefore forms a part of this record on appeal is a copy of the petition to open the succession with an order for publication of the application for letters of administration and for the taking of an inventory and the inventory and appraisement itself which lists:
“COMMUNITY PROPERTY
“IMMOVABLES: None
“MOVABLES: None “RIGHTS AND CREDITS:
“A savings account in the name of Noah Smith in the Bank of Terre-bonne and Trust Company, Houma, Louisiana, on which there is a balance of One Thousand, Two Plundred Forty-six and 83/100 ($1,246.83) Dollars, said account being represented by Savings Account Book No. 8878.
“THE UNDIVIDED ONE-
HALF APPRAISED AT: $ 623.42
“Total APPRAISEMENT
OF RIGHTS AND
CREDITS: $ 623.42”
In the pleadings the maiden name (or “Aldrich”) of Nellie Aldrich Smith was variously referred to as “Aldrich”, “Ald-ridge”, “Alridge” and “Aridge” but in this opinion the individual will be referred to by us only as Nellie Aldrich Smith except in quoted excerpts where same may appear otherwise.
Trial was had on the intervention of Nellie Aldrich Smith and of Robert L. Picou contradictorily with Eunice Smith Burrell and, for written reasons assigned by the Trial Court on April 14, 1961, judgment was rendered, read and signed on the 14 day of April, 1961 dismissing the proceedings filed by Nellie Aldrich Smith and Robert L. Picou seeking to nullify the judgment of possession signed by the Court on October 29, 1957, and recognizing Eunice Smith Burrell to be the owner of an undivided one-half interest in the immovable property which had been inventoried in the Succession of Noah Smith, Probate Number 3592; recognizing Robert L. Picou by compromise to be the owner of a portion of said property; and awarding *524 judgment in favor of said Robert L. Picou against Nellie Aldrich Smith for the sum of $3,000 with interest and costs.
Subsequent to the rendition of this judgment Nellie Aldrich employed other counsel who, on her behalf, on the 5 day of September, 1961 obtained a devolutive appeal to this Court from the judgment.
Thus, it is a fact that the succession of Noah Smith was opened twice, first in Probate Number 2865 on the 26 day of November, 1949 and in the same court almost eight years subsequent thereto, on the 21 day of October, 1957 in Probate Number 3592. In explanation as to the reason for this occurrence counsel for Eunice Smith Burrell said in argument before this Court that upon receiving from Eunice Smith Burrell notification of the death of her father and further notifying him that her father left certain immovable property in the Parish of Terrebonne he examined the Conveyance Records of said Parish and finding no notation therein of the succession having been opened, proceeded with the opening thereof unaware of the fact that same had been opened previously. In this Court he takes the position inasmuch as the judgment in the Succession of Noah Smith, Number 2865, was not plead by appellant in the lower Court, was not offered in evidence, same cannot be considered by this Court in disposing of this appeal. Counsel’s contention in this respect is without merit for in the quotations supra from the intervention of Robert L. Picou and the answer thereto of Eunice Smith Burrell filed by her counsel admit knowledge of the fact the Succession of Noah Smith had already been opened (Probate Number 2865) ; notices for application of letters of administration and final accounting published and judgment rendered February 16, 1960. Further, in his plea of estoppel counsel for appellee, Eunice Smith Burrell, averred the existence of a judgment in Probate Number 2865 recognizing the community of acquets and gains existing between Nellie Aldrich Smith and Noah Smith.
In his reasons for judgment the trial Court opined:
“ * * * When Noah died, Nellie Alridge on November 26, 1949, opened his succession under Probate No. 2865, through her regular attorney. In this probate proceeding Nellie Alridge recognized Eunice Smith, as the sole surviving forced heir of Noah Smith. * * * She personally signed the bond which she made in connection with the administration of the estate. That appears in 'Succession of Noah Smith’, Probate No. 2865. She also signed her oath as Administratrix, and, of course, there can be no possible doubt that she was thoroughly and completely acquainted with that proceeding, because she signed and swore to the final account and caused One Hundred Sixty-two and 87/100 ($162.87) Dollars to be placed in a savings account in the Bank of Terrebonne & Trust Company in the name of Eunice Smith, whereabouts unknown.”
The trial Court did not pass upon its lack of jurisdiction to entertain the present litigation predicated on the fact that the Succession of Noah Smith had already been opened and closed in the Parish of Terre-bonne in Probate Court proceeding Number 2865.
It appears, however, in proceeding Number 2865 the Succession of Noah Smith was opened, an administrator appointed, an inventory taken and homologated and a judgment of possession signed. Thus, from the record, the Succession of Noah Smith had been opened and closed when the petition to open the Succession of Noah Smith in this proceeding was filed by Eunice Smith Burrell. The only method by which the Succession of Noah Smith could be reopened in Probate Number 2865 would be upon valid reasons therefor and upon avoiding and setting aside the judgment previously rendered in the succession proceeding in Number 2865. No such effort was made in this proceeding or could be *525 made and therefore the Court was without jurisdiction to open the proceeding in Number 3592 and Nellie Aldrich Smith’s intervention therein could not thereby vest jurisdiction in the Court.
In the case of Baron v. Baum, 44 La. Ann. 295, 10 So. 766, the Supreme Court held that parties claiming to be the sole heirs of a deceased had no right to demand an account of the administration of a succession upon their attack on a judgment homologating an account where the defendant who had been discharged as administrator and the order discharging him had not been assailed and the person to whom the administrator had paid the residue of the estate having been recognized as the sole heir of the deceased was not made a party defendant. The Court concluding that until the order discharging the administrator had been rescinded, the Court could not annul the judgment of homologation and order another account. The right was reserved to plaintiffs to renew the action on proper averments and against the proper parties.
In the Succession of Quaglino, 223 La. 171, 65 So.2d 127, the Supreme Court held that a judgment homologating a final account and discharging an administrator operates as a closing of the succession and bars further mortuary proceedings until -avoided and set aside. At page 129 (So.2d) of the opinion we find:
“ * * * And the fact is, as above shown, that heretofore an administration of the succession was conducted, the final account of the executrix was approved and homologated, and she was discharged of her trust and responsibility. As a consequence decedent’s succession has been opened and closed; and unless and until it be reopened the relief demanded by these plaintiffs cannot be granted. A judgment homolo-gating a final account and discharging the administrator operates as a closing of the succession. State ex rel. Caire v. Judge of Twenty-Third District Court, 43 La.Ann. 1133, 10 So. 178; Baron v. Baum, 44 La.Ann. 295, 10 So. 766; Himel v. Connely, 221 La. 1073, 61 So.2d 876. And that judgment is a bar to further mortuary proceedings until avoided and set aside. Caire and Baron cases, supra. Compare Doll v. Doll, 206 La. 550, 19 So.2d 249, Successions of Scardino, 215 La. 472, 40 So.2d 923, Byrne v. Succession of Byrne, 215 La. 1050, 42 So.2d 699, and Succession of McGeary, 220 La. 391, 56 So.2d 727. Plaintiffs herein have not alleged facts from which it may be concluded, nor do we otherwise find from the record, that there has been a reopening of the succession of Philip Quaglino, Sr.”
Accordingly, for the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to read as a judgment of dismissal as in case of nonsuit, thereby reserving to ap-pellees Eunice Smith Burrell and inter-venor Robert L. Picou the right to renew the action on proper averments and that, as amended, said judgment be affirmed at appellees’ cost.